UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE CARRION,

                            Petitioner,                         23-CV-7374 (JMF)

          -v-

                                                                 OPINION AND ORDER

MRS. MCINTOSH, *Superintendent, Clinton Correctional Facility*,

                          Respondent.
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Jose Carrion, proceeding without counsel, petitions for a writ of habeas corpus pursuant to Title 28, United States Code, Section 2254. *See* ECF No. 1 ("Petn."), at 1-15. Carrion was convicted after a jury trial in New York Supreme Court of various offenses relating to the rape and molestation of his niece, who was between eight and fourteen years old at the time, and sentenced (after a reduction) to an aggregate term of fifty years' imprisonment. In his Petition, Carrion argues that (1) the verdict was against the weight of the evidence; (2) the trial court erred in admitting certain testimony under the "prompt outcry" exception to hearsay; (3) his counsel was constitutionally ineffective for failing to convey a plea offer to him; and (4) his sentence was excessive. *See* Petn. at 2, 10. For the reasons that follow, Carrion's Petition is dismissed.

## BACKGROUND

      In 2016, Carrion was arrested and indicted on a slew of charges relating to the alleged rape and molestation of his niece, who was then fourteen years old. *See* ECF No. 16 ("Resp.'s Mem."), at 1-3. The proof against him at trial included the victim's testimony, corroborating testimony from her mother, the testimony of an expert in child sexual abuse and development

psychology, and obscene videos of the victim extracted from Carrion's phone. *See id.* at 23-29. In addition, the trial court admitted testimony from two of the victim's friends under the prompt outcry hearsay exception, *id.* at 16, 30, albeit with an instruction to the jury that the testimony was not to be considered for its truth but only for the fact that the victim had disclosed the alleged abuse, *see People v. Corrion*, 144 N.Y.S.3d 852, 854 (1st Dep't 2021).[1] Carrion did not present any evidence in his defense. *See* Resp.'s Mem. 28. On February 5 and 6, 2018, the jury found Carrion guilty on all counts. *See id*. at 29. On March 2, 2018, the trial court sentenced him to an aggregate sentence of eight-eight to ninety-four years' imprisonment. *See id.*

Carrion appealed to the Appellate Division, First Department. *See Corrion*, 144 N.Y.S.3d at 853. As relevant here, Carrion argued that the jury's verdict was against the weight of the evidence, that the trial court had improperly admitted evidence under the prompt outcry exception, and that his sentence was excessive. *See* ECF No. 15-1, at 57-81. By opinion dated June 3, 2021, the Appellate Division affirmed. First, the court held that "[t]he verdict was not against the weight of the evidence," noting that "[t]here is no basis for disturbing the jury's credibility determinations" and that "[p]ortions of the victim's testimony were corroborated by" other testimony and the videos found on Carrion's cellphone. 144 N.Y.S.3d at 853. Second, the court held that the trial judge had "properly admitted" the prompt outcry testimony from the victim's two friends. *Id.* The court noted that "[t]he testimony was brief" and general in nature and that "[a]ny prejudice was limited by the [trial] court's instructions that the outcry testimony was not offered for the truth of what was said, but for the fact the disclosure was made." *Id.*

---

[1] Carrion was charged as "Jose Corrion," which is therefore how his name is spelled throughout the state-court records, including the caption on appeal. But the correct spelling is "Carrion," *see, e.g.*, ECF No. 17-1 ("Jan. 23, 2018 Trial Tr."), at 18-19, which the Court uses here.

Finally, without explicit comment on Carrion's excessive-sentence claim, the court reduced the sentence to fifty years' imprisonment. *See id.* Carrion unsuccessfully sought leave to appeal to the Court of Appeals. *See* 37 N.Y.3d 991 (2021).

Carrion, proceeding without counsel, then moved to vacate his conviction pursuant to Section of 440.10 of New York Criminal Procedure Law ("CPL") on the ground that he had received ineffective assistance of counsel. *See* ECF No. 15-1, at 198. Specifically, he claimed that his trial lawyer never informed him of the prosecution's plea offer and that he would have pleaded guilty had he known of the offer. *Id.* In a written opinion dated January 10, 2023, the New York Supreme Court denied Carrion's motion without a hearing. *See* ECF No. 15-1, at 257. The court held that there was no need for a hearing because Carrion's claim that his lawyer had not informed him of the plea offer was "flatly refuted by the record." *Id.* at 261. Surveying the trial transcript, the court found that Carrion was "informed of the plea offer on multiple occasions" because it was conveyed "in open court, in the presence of [Carrion] and defense counsel." *Id.* at 260-61. Moreover, the offer was declined by Carrion, "who commented 'I never touch her anyway.'" *Id.* at 261. Accordingly, the court concluded, Carrion had "not shown that counsel was deficient." *Id.* Nor had he "demonstrated prejudice." *Id.* at 262. Thereafter, Carrion moved for leave to appeal to the Appellate Division, *see* ECF No. 15-1, at 266, which motion was denied on the ground that there was "no question of law or fact presented which ought to be reviewed," *People v. Carrion*, No. 2023-01916, 2023 WL 3985512 (1st Dep't June 13, 2023).

## APPLICABLE LAW

This Court's authority to grant the writ of habeas corpus is limited by Title 28, United States Code, Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA").  *See Cruz v. Superintendant*, No. 13-CV-2414 (JMF), 2016 WL 2745848, at *5 (S.D.N.Y. May 11, 2016).  A writ of habeas corpus may be granted "with respect to any claim that was adjudicated on the merits in State court proceedings" only if (1) the state court's denial of the petitioner's claim "resulted in a decision that was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States"; (2) the state court's denial of relief "resulted in a decision that . . . involved an unreasonable application of[] . . . clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

It is well established that a state court decision can be "contrary to" Supreme Court precedent in either of two ways: first, "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or, second, "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Court's]."  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  A state court unreasonably applies clearly established precedent "if the state court identifies the correct governing legal rule" from the Supreme Court's cases "but unreasonably applies it to the facts of the particular state prisoner's case."  *Id.* at 407.  Alternatively, "a state-court decision . . . involves an unreasonable application of [Supreme Court] precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  *Id.* at 408; *see generally Richard S. v. Carpinello*, 589 F.3d 75 (2d Cir. 2009).

Notably, "an unreasonable application of federal law is different from an incorrect application of federal law."  *Williams*, 529 U.S. at 410.  That is, the issue is not whether the state

4

court committed error, or even clear error, but "whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."). That threshold is "substantially higher" than incorrectness. *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). Specifically, where AEDPA applies, federal habeas relief is precluded "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Put differently, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings.'" *Cullen*, 563 U.S. at 181 (citations omitted).

Furthermore, as noted, a federal court may grant habeas relief under AEDPA if the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's factual determinations, however, are "'presumed to be correct'" and may only be rebutted "'by clear and convincing evidence.'" *Parsad v. Greiner*, 337 F.3d 175, 181 (2d Cir. 2003) (quoting 28 U.S.C. § 2254(e)(1)); *accord Bierenbaum v. Graham*, 607 F.3d 36, 48 (2d Cir. 2010). This requires "substantial deference" to the state court's determinations. *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015). "If [r]easonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's . . .

determination." *Id.* (alternations in original) (internal quotation marks and citations omitted). Nor may the federal court characterize the state's decisions as unreasonable "merely because [it] would have reached a different conclusion in the first instance." *Wood v. Allen*, 558, U.S. 290, 301 (2010). That said, "'[e]ven in the context of federal habeas, deference does not imply abandonment or abdication of judicial review,' and 'does not by definition preclude relief.'" *Brumfield*, 135 S. Ct. at 2277 (alteration in original) (quoting *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003)).

Finally, the Court is obliged to construe *pro se* pleadings liberally and to interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (citations omitted); *see also Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). That said, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); *see also United States v. Starling*, 76 F.4th 92, 99 (2d Cir. 2023).

## DISCUSSION

As noted, Carrion makes four arguments in his Petition: that (1) the verdict was against the weight of the evidence; (2) the trial court erred in admitting certain testimony under the "prompt outcry" exception to hearsay; (3) his counsel was constitutionally ineffective for failing to convey a plea offer to him; and (4) his sentence was excessive. *See* Petn. at 2, 10.

The Court will address each argument in turn.

### A. The Weight of the Evidence Claim Is Not Reviewable

Carrion's first claim — that the jury's verdict was against the weight of the evidence, *see* Petn. at 2, 5 — can be swiftly rejected. A weight-of-the-evidence claim is "purely a creature of state law." *Porter v. Keyser*, No. 15-CV-816 (JMF), 2016 WL 1417847, at *3 (S.D.N.Y., Apr. 8,

6

2016). Carrion's claim therefore asserts an "error of state law, for which [federal] habeas review is not available." *Douglas v. Portuondo*, 232 F. Supp. 2d 106, 116 (S.D.N.Y. 2002). Perhaps recognizing this fatal flaw, Carrion asks the Court in his reply to reframe his weight-of-the-evidence claim to be a sufficiency-of-the-evidence claim. *See* ECF No. 26, at 1. Even if the Court were to indulge Carrion's belated request, however, the claim would fail for two reasons. First, any legal sufficiency claim would be procedurally barred because Carrion did not present it to the state courts. *See, e.g.*, *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) ("[E]xhaustion of state remedies requires that [a] petitioner fairly present federal claims to the state courts in order to give the [s]tate the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."). Second, and in any event, any legal sufficiency claim would fail on the merits because, taken together, the prosecution's evidence — which included testimony from the victim and a host of corroboration, from the victim's mother's testimony to obscene videos found on Carrion's cellphone — was plainly sufficient to support the jury's verdict. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (holding that the standard of review for a legal sufficiency claim is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). Accordingly, Carrion's first claim, however framed, must be and is rejected.

### B. The Improper Admission of Evidence Claim Fails

Next, Carrion challenges the trial court's admission of testimony pursuant to the prompt outcry exception to the prohibition on hearsay. *See* Petn. at 7. Significantly, admission of evidence in violation of state law, without more, does not support federal habeas relief. Instead, to rise to the level of constitutional error sufficient to warrant habeas relief, the error must have deprived the petitioner of a fundamentally fair trial. *See Taylor v. Curry*, 708 F. 2d 886, 891 (2d

7

Cir. 1983) (citing *Chambers v. Mississippi*, 410 U.S. 284, 302-03 (1973)).  More specifically, the petitioner must show that the evidentiary error resulted in evidence being admitted that was "crucial, critical, and highly significant."  *McKinnon v. Superintendent*, 422 F. App'x 69, 73 (2d Cir. 2011) (summary order) (cleaned up).  The admitted evidence must have "contributed to the verdict," and the error must create "a previously non-existent reasonable doubt."  *Perez v. Phillips*, 210 F. App'x 55, 58 (2d Cir. 2006) (summary order).  Applying these strict standards, courts commonly hold that the erroneous admission of cumulative hearsay evidence was "harmless . . . when the evidence against the petitioner at trial was substantial and/or the improperly admitted testimony was cumulative of other admissible evidence."  *Bowen v. Phillips*, 572 F. Supp. 2d 412, 419 (S.D.N.Y. 2008).

Carrion's claim falls well short of the constitutional threshold.  At bottom, Carrion's contention is that the trial court erroneously admitted the prompt outcry evidence because, as a matter of state law, it was not sufficiently prompt.  That contention is dubious because, as the Appellate Division explained, "[t]he outcry testimony at issue occurred on a weekday when the victim was in the eighth grade after a weekend when defendant had entered her room and inappropriately touched her."  *Corrion*, 144 N.Y.S.3d at 853 (citing cases).  In any event, even assuming for the sake of argument that admission of the testimony was error as a matter of state law, Carrion has not shown that the error deprived him of a fundamentally fair trial.  The victim herself testified at trial and her testimony was corroborated by ample other evidence, including her mother's testimony and the inculpatory videos from Carrion's own cellphone.  Moreover, as the Appellate Division observed, the prompt outcry testimony "was brief, and very few details of the incidents were admitted."  *Id.*  And finally, "[a]ny prejudice was limited by the [trial] court's instructions that the outcry testimony was not offered for the truth of what was said, but for the

fact the disclosure was made." *Id.* In other words, the *other* evidence against Carrion "was substantial" *and* the allegedly improper testimony was both limited in nature and "cumulative of other admissible evidence." *Bowen*, 572 F. Supp. 2d at 419.

## C. The Ineffective Assistance of Counsel Claim Fails

Next, Carrion contends, as he did in his CPL 440.10 motion, that he was deprived of effective assistance of counsel because his trial counsel failed to advise him of the prosecution's plea offer. *See* Petn. at 10. A lawyer's failure to advise a defendant of a plea offer constitutes ineffective assistance of counsel if the defendant shows a "reasonable probability" that he "would have accepted the . . . plea offer had [he] been afforded effective assistance of counsel," that "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it," and that "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Missouri v. Frye*, 566 U.S. 134, 147 (2012); *see also Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). But Carrion's claim is doomed by the New York Supreme Court's denial of his CPL 440.10 motion and this Court's deferential standard of review. The state court found, based on its review of the trial transcript, that Carrion's claim was "flatly refuted by the record" because Carrion was "informed of the plea offer on multiple occasions" in open court. ECF No. 15-1, at 260-61. It also rejected Carrion's assertion of prejudice on the ground that Carrion had declined the plea offer in open court with the words "'I never touch her anyway.'" *Id.* at 261. The state court's conclusions find support in the record. *See* Jan. 23, 2018 Trial Tr. at 20; ECF No. 15-1, at 224-25. At a minimum, given the deference owed to the state court's factual findings, the Court cannot say that its conclusions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or

9

were "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); *see, e.g.*, *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) ("The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable — a substantially higher threshold." (internal quotation marks omitted)). It follows that Carrion's ineffective assistance claim must be and is rejected.

## D. The Excessive Sentence Claim Fails

Finally, Carrion challenges his sentence — which was reduced on appeal to fifty years' imprisonment — as unconstitutionally excessive. Petn. at 8.[2] "It is well established that an excessive sentence claim may not provide grounds for habeas corpus relief where a petitioner's sentence is within the range prescribed by state law." *Morales v. Collado*, No. 21-CV-3177 (JMF), 2023 WL 1993334, at *2 (S.D.N.Y., Feb. 14, 2023) (cleaned up); *see also Keita v. Fields*, No. 20-CV-6154 (JMF), 2020 WL 6647288, at *2 (S.D.N.Y., Nov. 12, 2020) (denying an excessive sentence claim where the challenged sentence was within the range prescribed by state law). That is the case here, as Carrion's sentence was within the range prescribed by New York law for a second felony offender convicted of three of more violent felony offenses, one of which is a Class B felony. Carrion was convicted of nine Class B felonies, which are punishable by up to twenty-five years' imprisonment each, *see* N.Y. Penal Law § 70.02, subject to a fifty-year maximum sentence where, as here, the defendant was convicted of three or more violent felony offenses, at least one of which is a Class B felony, *see id.* § 70.30(1)(e)(vii)(A).

---

[2] Respondent contends that Carrion's excessive-sentence claim is procedurally barred, *see* Resp.'s Mem. at 47, but the Court disagrees, as Carrion argued on appeal that "[t]he court's nearly 90-year sentence was extraordinarily excessive and should be reduced," citing the Fourteenth Amendment to the U.S. Constitution. ECF No. 15-1, Resp.'s Ex. B ("Br. for Def.") at 77-81. In any event, the claim fails on the merits for the reasons that follow.

Accordingly, his fifty-year sentence was "within the range prescribed by state law" and cannot support federal habeas relief. *Morales*, 2023 WL 1993334, at *2.

## CONCLUSION

For the reasons stated above, Carrion's Petition must be and is DISMISSED. As Carrion has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See, e.g.*, *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Opinion and Order to Carrion and to close this case.

SO ORDERED.

Dated: April 11, 2024
      New York, New York

                                                  JESSE M. FURMAN
                                                  United States District Judge